UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK A ELLISON,<br><br>    Defendant. | Case No. 1:13-cr-091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Ellison's motion for compassionate release. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On April 10, 2014, Mr. Ellison was found guilty by a jury of 44 counts of securities fraud, and sentenced to concurrent 60-month terms of imprisonment, to be followed by three years of supervised release. After his appeals were unsuccessful, he was taken into custody on July 10, 2018. The Bureau of Prisons (BOP) projects that he will be released on October 11, 2022. To date, he has served approximately 23 months of his 60-month sentence.

Ellison seeks compassionate release from his sentence of incarceration. The Government objects to the motion.

## LEGAL STANDARD

Ellison brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP).  In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  *See* USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* 18 U.S.C. § 3582(c)(1)(A).

In this case the third element is satisfied as the Court agrees with the Government's concession that "under 18 U.S.C. § 3142(g), [Ellison], if released, will not pose a danger to the community and that he is unlikely to recidivate."  *See Brief (Dkt. No. 1014)*.  The Court turns to the other two elements.

## ANALYSIS

Ellison is 71 years old and, according to his doctors, suffers from chronic kidney disease, hypertension, hyperlipidemia, high cholesterol, and high blood pressure. His daughter, who is a board-certified physician in emergency medicine, observed that he suffered from a "significant case of edema" in her last visit. *See Dr. Keller Declaration (Dkt. No. 1016-2)*. She is also concerned about blood test results that show a decline in kidney function. *Id.* From the authorities submitted by counsel, those with kidney disease appear to be at higher risk for serious complications from COVID-19. At the same time, Ellison's medical records from BOP show that his blood pressure, cholesterol, thyroid activity, and urine tests are all within normal limits and that his edema and cough have subsided.

Ellison petitioned the Warden at FCI-Sheridan to be transferred to home confinement. *See Nevin Declaration (Dkt. No. 1012-1)*. The Warden at first denied the claim and then "reversed course" and told Ellison that he had been placed on a list of those to be considered for home confinement. *Id.* Ellison has completed the paperwork that now awaits final approval by BOP: "The Case Manager stated that the 'target date' for Mr. Ellison's release is June 30, 2020." *Id.* at ¶ f.

Ellison's age is a risk factor, as is his diminishing kidney function, but in overall terms he is in good health. He has not demonstrated a "serious deterioration" in his physical health as a result of the aging process or that he has served 75 percent of his prison term. *See Guideline* § 1B1.13 at cmt. n.1(B). Moreover, FCI-Sheridan has no cases of COVID19 as of June 4, 2020. *See* https://www.bop.gov/coronavirus/ (last

**Memorandum Decision & Order – page 3**

visited June 4, 2020). Because it appears he will be released to home confinement on June 30, 2020 in any event, the Court will deny the motion for compassionate release without prejudice to raise the motion again if his home confinement target date is delayed for any reason. The Government has no objection to the Court recommending that the BOP finalize its release plan for the Defendant and make its home confinement decision as expeditiously as possible. The Court will so order.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for compassionate release (docket no. 1010) is DENIED.

IT IS FURTHER ORDERED, that the Bureau of Prisons make its home confinement decision as expeditiously as possible.

DATED: June 4, 2020

_____
B. Lynn Winmill
U.S. District Court Judge