UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is a claim from Marc Nelson for decedent James Jacobson's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Marc Nelson's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Marc Nelson submitted a request to have the unclaimed restitution payments related to decedent James Jacobson released to him. In support of his request, Marc Nelson submitted the following documents: (1) a victim affidavit; (2) a copy of the certificate of death for James Jacobson; (3) a copy of the certificate of death for Paul Nelson; (3) a notarized copy of the Certificate of Trust for the James Jacobson Trust Dated April 22, 2005; (4) a Stipulation for Distribution of the James O. Jacobson 1995 Irrevocable Trust and the James Jacobson Trust Dated April 22, 2005; (5) an Order for Modification of Trust issued by the Circuit Court for Walworth County, Wisconsin; and, (6) a legal representation agreement between Leece & Phillips Law Offices, S.C., and Mark Nelson, as Trustee of the James O. Jacobson 1995 Irrevocable Trust.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In*

**MEMORANDUM DECISION AND ORDER  - 2**

*re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Marc Nelson has provided sufficient evidence to show he is entitled to receive James Jacobson's remaining restitution. James Jacobson's certificate of death shows that he passed away on September 15, 2019, as a resident of Wisconsin, and that he was divorced at the time of his death. Prior to his death, James Jacobson established The James Jacobson Trust Dated April 22, 2005, and The James O. Jacobson 1995 Irrevocable Trust. The Certificate of Trust for The James Jacobson Trust Dated April 22, 2005, indicates that the trustees are authorized by the Trust Agreement to manage, control, and convey all trust property. The James Jacobson Trust Dated April 22, 2005, named Paul Nelson as successor trustee and Mark [sic] Nelson as alternate successor trustee. Paul Nelson's certificate of death shows that he passed away on June 26, 2009.

The Order for Modification of Trust, filed in the Circuit Court of Walworth County, for the State of Wisconsin, indicates that the James O. Jacobson 1995 Irrevocable Trust was amended on November 25, 2009, to name Mark [sic] Nelson as the Successor Trustee.[1] The Stipulation for Distribution of the James O. Jacobson 1995 Irrevocable Trust and The James Jacobson Trust Dated April 22, 2005, indicates that

---

[1] The court's order was drafted by attorney Randall Leece, of the firm Leece & Phillips, S.C., the same firm that later entered into a representation agreement with Marc Nelson, Trustee of The James O. Jacobson 1995 Irrevocable Trust.

**MEMORANDUM DECISION AND ORDER - 3**

Marc Nelson was named as successor Trustee of both Trusts, and that he has actively managed the assets and paid liabilities of the Trusts since the death of James Jacobson. Marc Nelson, as Trustee of the James O. Jacobson 1995 Irrevocable Trust, later entered into a legal representation agreement with Leece & Phillips, S.C., on November 8, 2019, for the purpose of dissolving the James O. Jacobson 1995 Irrevocable Trust.

Under Wisconsin law, a trustee has the power to collect trust property from any person. Wis. Stat. Ann. § 701.0816 (West). From the documents submitted, Marc Nelson has sufficiently established that he is the Trustee for both trusts established by James Jacobson. Accordingly, as Trustee, Marc Nelson is entitled to receive James Jacobson's restitution and distribute it in accordance with James Jacobson's estate plan.

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Marc Nelson's request for James Jacobson's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Marc Nelson, Trustee of The James Jacobson Trust Dated April 22, 2005, to be disposed of in accordance with the terms of the Trust and James Jacobson's estate plan.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge