UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>  Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Robert W. Jeffrey for decedent Robert S Jeffrey's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Robert W. Jeffrey's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Robert W. Jeffrey submitted a request to have the unclaimed restitution payments related to decedent Robert S. Jeffrey released to him. In support of his request, Robert W. Jeffrey submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificates for Robert S. Jeffrey and Elinor R. Jeffrey; and, (2) a copy of Robert S. Jeffrey's Last Will and Testament.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Robert W. Jeffrey has provided sufficient evidence to show he is entitled to receive Robert S. Jeffrey's remaining restitution. The death certificates the Court received indicate Robert S. Jeffrey passed away on October 16, 2014, as a resident of Florida, and that his spouse, Elinor Jeffrey, predeceased him on June 22, 2014. According to Robert S. Jeffrey's will, Elinor Jeffrey was appointed as personal representative, but if she should predecease him, then Robert S. Jeffrey's children, Robert W. Jeffrey and Lynn Jeffrey were to be appointed as Co-Personal Representatives in her place and stead. The Will granted to the Personal Representative the authority to retain and hold any property, real or personal, and to make distribution of the estate.

Under Florida law, a personal representative is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. *See Harrell v. Snyder*, 913 So. 2d 749, 753 (Fla. Dist. Ct. App. 2005) (personal representative authorized to take possession of real property for protection of the heirs); Fla. Stat. Ann. § 733.607 (West) (""Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property…."). Accordingly, Robert W. Jeffrey, as Personal Representative, is entitled to receive Robert S. Jeffrey's restitution and distribute it in accordance with Robert S. Jeffrey's will.

**MEMORANDUM DECISION AND ORDER - 3**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Robert W. Jeffrey's request for Robert S. Jeffrey's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Robert W. Jeffrey to be disposed of in accordance with Robert S. Jeffrey's will.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge