UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a claim from Ronald Clark and Ruth Kieffer for decedent Donald Kieffer's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny both claims.

# BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimants Ronald Clarke and Ruth Kieffer submitted requests to have the unclaimed restitution payments related to decedent Donald Kieffer released to them. In support of their requests, the claimants submitted the following documents: (1) victim affidavits; (2) a certified copy of the death certificate for Donald Kieffer; and, (2) a copy of The Donald Kieffer Living Trust Dated January 31, 1990, together with several amendments thereto, dated March 29, 1991.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Neither Ronald Clarke nor Ruth Kiefer have provided sufficient evidence to show they are entitled to receive Donald Kieffer's remaining restitution. The death certificate for Donald Kieffer shows he passed away on September 4, 2012, as a resident of Wisconsin, and that his spouse, Ruth Helen Koehler, aka Ruth Kieffer, was still living. On January 31, 1990, Donald Kieffer, who was then residing in Arizona, executed The Donald C. Kieffer Living Trust. He named Thomas Kieffer and Ronald Clarke as successor co-trustees. However, Article 9.01 of the Trust indicates that Ronald Clarke and Thomas Kieffer were to be co-trustees "as long as Ronald is married to Martha A. Clarke (subject to their then acceptance in writing of such appointment)." Ronald Clarke did not provide proof of written acceptance of appointment, nor did he provide proof that he remains married to Martha A. Clarke. Moreover, Article 9.01 appears to be struck through in its entirety. Therefore, it is unclear if Article 9.01 remains effective, and none of the amendments to The Donald C. Kieffer Living Trust amend Article 9.01. Furthermore, it is unclear if the unclaimed restitution is property of The Donald C. Kieffer Living Trust because certain identified property related to the restitution in this matter was transferred from the Donald C. Kieffer Living Trust to the Ruth H. Kieffer Q-Tip Trust, as further explained below.

Initially, The Donald C. Kieffer Living Trust Dated January 31, 1990, created a Q-Tip Trust and Family Trust pursuant to Article 7.00. However, Sections 7.01 and 7.02 are struck through in their entirety. On March 29, 1991, Donald Kieffer executed a Partial

**MEMORANDUM DECISION AND ORDER - 3**

Revocation of The Donald C. Kieffer Living Trust, with respect to the following defined property:

> DBSI Housing Inc.
> 1070 North Curtis Road, Suite 270
> Boise, Idaho 83706
>
> DBSI/TRI Limited Partnership Units for:
> Limited Partnership XIX
> Limited Partnership XXI
> Limited Partnership XXIV
> Limited Partnership XXV

Also on March 29, 1991, Donald Kieffer, as Trustor, and Donald Kieffer and Ruth Kieffer as co-trustees, executed The Ruth H. Kieffer Q-Tip Trust Agreement. In conjunction with the creation of the Q-Tip trust, on March 29, 1991, Donald Kieffer executed a Gift of Property to the Ruth H. Kieffer Q-Tip Trust Dated March 29, 1991, transferring the following property:

> DBSI Housing Inc.
> 1070 North Curtis Road, Suite 270
> Boise, Idaho 83706
>
> DBSI/TRI Limited Partnership Units for:
> Limited Partnership XIX
> Limited Partnership XXI
> Limited Partnership XXIV
> Limited Partnership XXV

By letter dated April 1, 1991, Ronald Kieffer confirmed that, with respect to the above property, he distributed the Units to himself from the Donald C. Kieffer Living Trust Dated January 31, 1990, and in turn gifted the Units to the Ruth H. Kieffer Q-Tip Trust Dated March 29, 1991. Pursuant to the terms of the Ruth H. Kieffer Q-Tip Trust, if Donald Kieffer ceased to act as trustee, then Ronald Clarke shall act as trustee, but only

**MEMORANDUM DECISION AND ORDER  - 4**

"as long as he is married to Martha A. Clarke and if he is not then Martha A. Clarke shall act as trustee."

First, the Court has not been presented with sufficient evidence indicating whether the unclaimed restitution constitutes property of the Q-Tip Trust. The Court has no evidence before it that the restitution constitutes proceeds or funds attributable to one of the identified Partnership Units.

Moreover, Ronald Clarke, as successor trustee of the Ruth H. Kieffer Q-Tip Trust would not be the appropriate recipient of the funds. Ronald Clarke was named as successor trustee for Donald Kieffer, but only so long as he remained married to Martha Clarke. Ronald did not provide proof of his marital status, and thus has not sufficiently established he is the co-trustee of the Ruth H. Kieffer Q-Tip Trust Dated March 29, 1991. However, if the restitution is property of the Q-Tip Trust, Ruth Kieffer, as co-trustee, would be entitled to receive the funds and distribute them in accordance with the terms of the Trust.

Because several factual uncertainties exist as to Ronald Clarke's authority to administer either trust, and whether the restitution is property of the Donald C. Kieffer Living Trust or the Q-Tip trust such that Ruth Kieffer, as trustee, would be entitled to receive the same, the Court is unable to legally determine whether Ronald Clarke or Ruth Kieffer are entitled to receive the unclaimed restitution.[1] As such, the claims of both

---

[1] Both Ronald and Ruth are free to reassert their claims provided they produce evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 5**

Ronald Clark and Ruth Kieffer will be denied without prejudice, and the unclaimed restitution of Donald Kieffer will be deposited with the Treasury.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The claims of both Ronald Clarke and Ruth Kieffer for the unclaimed restitution payments of Donald Kieffer from *USA v. Ellison, et. al.*, is **DENIED WIHTOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of Donald Kieffer with the Treasury.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge