UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a claim from Susie Ravenel for decedent James King's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Susie Ravenel's request.

**BACKGROUND**

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Susie Ravenel submitted a request to have the unclaimed restitution payments related to decedent James King released to her. In support of her request, Susie Ravenel submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for James King; and, (2) a certified copy of letters testamentary filed in the probate court for the county of Jasper, state of Georgia.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Susie Ravenel has provided sufficient evidence to show she is entitled to receive James King's remaining restitution. The death certificate for James King indicates he passed away on May 8, 2013, as a resident of Georgia, and that his spouse predeceased him. According to the Letters Testamentary filed on August 26, 2013, in the probate court in the county of Jasper, state of Georgia, Susie Ravenel was named as one of two Executors of James King's Will, and upon taking the oath of office, she became legally authorized under the laws of the state of Georgia to discharge all duties and exercise all powers of Executor under the Will of James King.

Under Georgia law, an executor is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. Ga. Code Ann. § 53-7-2 (West) (a personal representative is authorized to possess and administer the entire estate, including payment of debts and satisfaction of testamentary gifts). Accordingly, Susie Ravenel, as Executor, is entitled to receive James King's restitution and distribute it in accordance with James King's will.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Susie Ravenel's request for James King's unclaimed restitution payments from

   *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Susie Ravenel to be disposed of

   in accordance with James King's will.


DATED: June 24, 2024

B. Lynn Winmill
U.S. District Court Judge