UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>                Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is a claim from Kaila Parrish for John Parrish's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny Kaila Parrish's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Kaila Parrish submitted a request to have the unclaimed restitution payments related to John Parrish released to her. In support of her request, Kaila Parrish submitted the following documents: (1) a victim affidavit; and, (2) the Last Will and Testament of John Parrish.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Kaila Parrish has not provided sufficient evidence to show she is entitled to receive John Parrish's remaining restitution. Although Kaila Parrish submitted John Parrish's last will and testament, she has not provided documents establishing that John

**MEMORANDUM DECISION AND ORDER  - 2**

Parris passed away, such as a certificate of death, nor did she provide documents showing she is the personal representative or executrix of John Parrish's estate. Further, the will indicates that John Parrish's wife, Patricia Parrish, was to be appointed as independent executrix of John Parrish's will. If she was unable to serve, then Christopher Mims, Johnny Clark, or James Wirz would be appointed to serve as executor, in that order.

Because factual uncertainties exist concerning Kaila Parrish's authority to receive the remaining restitution for John Parrish, the Court is unable to legally determine whether Kaila Parrish is entitled to receive the unclaimed restitution. As such, the claim of Kaila Parrish is denied without prejudice,[1] and the unclaimed restitution of John Parrish will be deposited with the Treasury.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Kaila Parrish's request for John Parrish's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **DENIED WITHOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of John Parrish with the Treasury.



DATED: June 24, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[1] Kaila Parrish is free to reassert her claim provided she produces evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 3**