UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>  Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Roger Rademacher for decedent Louis Rademacher's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Roger Rademacher's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Roger Rademacher submitted a request to have the unclaimed restitution payments related to decedent Louis Rademacher released to him. In support of his request, Roger Rademacher submitted the following documents: (1) a victim affidavit; (2) a certified copy of the certificates of death for Lous J. Rademacher and Frances Joan Rademacher; and, (3) a notarized copy of the Statement of Authority related to The Marital Trust of Louis and Frances Rademacher.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Roger Rademacher has provided sufficient evidence to show he is entitled to receive Louis Rademacher's remaining restitution. Louis Rademacher's certificate of death shows that he passed away on September 20, 2009, as a resident of Colorado, and that his wife, Joan Rademacher, survived him. Joan Rademacher's certificate of death shows that she passed away on May 8, 2021. Roger Rademacher, as Trustee of The Marital Trust of Lois and Frances Rademacher, executed a statement of authority with respect to real property on behalf of the Trust under Colorado law.

Colorado law allows trustees to record a statement of authority with respect to real property held in a trust's name, and provides that the statement is prima facie evidence of the authority of persons to act on behalf of the trust to convey or otherwise affect title to such property. *Lipin v. Wisehart*, 760 F. App'x 626, 630 n.1 (10th Cir. 2019) (citing Colo. Rev. Stat. §§ 38-30-108.5, 38-30-172). Any trustee of the trust may execute a statement of authority. Colo. Rev. Stat. § 38-30-108.5(2). Under Colorado law, a trustee has the power to collect trust property from any person. Colo. Rev. Stat. § 15-5-816(1)(a). From the documents submitted, Roger Rademacher has sufficiently established that he is the Trustee for The Marital Trust of Louis and Frances Rademacher. Accordingly, as Trustee, Roger Rademacher is entitled to receive Louis Rademacher's restitution and distribute it in accordance with Louis Rademacher's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Roger Rademacher's request for Louis Rademacher's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Roger Rademacher, Trustee of The Marital Trust of Louis and Frances Rademacher, to be disposed of in accordance with the terms of the Trust and Louis Rademacher's estate plan.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge