UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a claim from Alicia Ewert for Dennis Carruthers's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny Alicia Ewert's request.

**BACKGROUND**

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Alicia Ewart submitted a request to have the unclaimed restitution payments related to Dennis Carruthers released to her. In support of her request, Alicia Ewert submitted the following documents: (1) a victim affidavit; (2) a certificate of death for Dennis Carruthers; (3) a certificate of death for Theresa Carruthers; (4) a certificate of fiduciary; and, (5) a certificate of devise, decent or distribution from the State of Connecticut Court of Probate.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Alicia Ewert has not provided sufficient evidence to show she is entitled to receive Dennis Carruthers's remaining restitution. The certificate of death for Dennis Carruthers shows that he passed away as a resident of Connecticut on April 18, 2015, survived by his spouse, Theresa Carruthers. The certificate of death for Theresa Carruthers shows that she passed away as a resident of Connecticut on June 13, 2016. The probate court documents indicate that Alicia Ewert was appointed on July 15, 2016, as the fiduciary of Theresa Carruthers's estate. The Certificate of Devise, Descent, or Distribution dated November 7, 2017, indicates that certain real property of the decedent, Theresa Carruthers, was devised or distributed to Alicia Ewert.

Here, absent a will as one of the documents submitted, the Court assumes that the property of Dennis Carruthers passed to his spouse, Theresa Carruthers, upon his death. Conn. Gen. Stat. Ann. § 45a-437 (West). Upon Theresa Carruthers' death, it appears the court appointed Alicia Ewert as the fiduciary. Under Connecticut law, a fiduciary includes an executor of an estate. Conn. Gen. Stat. Ann. § 45a-199 (West). However, a certificate of the appointment of a fiduciary issued by the clerk of the court is sufficient evidence of the authority and identity of such fiduciary for only one year after the date of its issuance. Conn. Gen. Stat. Ann. § 45a-200. According to the certificate, Alicia Ewert was appointed on July 15, 2016, and by law, her authority as the fiduciary expired on July 15, 2017. It is unclear, then, what authority Alicia Ewert has to receive the unclaimed restitution for Dennis Carruthers.

**MEMORANDUM DECISION AND ORDER - 3**

Because factual uncertainties exist concerning Alicia Ewert's authority to receive the remaining restitution for Dennis Carruthers, the Court is unable to legally determine whether Alicia Ewert is entitled to receive the unclaimed restitution. As such, the claim of Alicia Ewert is denied without prejudice,[1] and the unclaimed restitution of Dennis Carruthers will be deposited with the Treasury.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Alicia Ewert's request for Dennis Carruthers's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **DENIED WITHOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of Dennis Carruthers with the Treasury.

DATED: June 25, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[1] Alicia Ewert is free to reassert her claim provided she produces evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 4**