UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a claim from William Aten II for decedent Edward Alexander's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant William Aten II's request.

**BACKGROUND**

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant William Aten II submitted a request to have the unclaimed restitution payments related to decedent Edward Alexander released to him. In support of his request, William Aten II submitted the following documents: (1) a victim affidavit; (2) a copy of Edward Alexander's certificate of death; (3) a copy of Edward Alexander's will; and, (4) a copy of the certificate of death for Edward Alexander's surviving spouse, Edna Mae Alexander.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

# ANALYSIS

William Aten II has provided sufficient evidence to show he is entitled to receive Edward Alexander's remaining restitution. Edward Alexander's certificate of death shows that he passed away on December 10, 2012, as a resident of Illinois, and that his will was filed on January 3, 2013, with the Tazewell county circuit clerk of the Tenth Judicial Circuit of Illinois. According to Edward Alexander's will, his spouse is Edna Mae Alexander and his child is Connie Donigian. Edward Alexander's spouse has two children, Linda Morgan and William Aten II. The death certificate indicates Edna Mae Alexander passed away on January 14, 2015. According to the documents submitted, William Aten II was named as executor, and given the authority to distribute Edward Alexander's estate in cash or in kind to the beneficiaries of the estate.

Under Illinois law, an executor is tasked with administering the decedent's estate which naturally includes taking possession of the estate's property in anticipation for administration. *Will v. Nw. Univ.*, 378 Ill. App. 3d 280, 291, 881 N.E.2d 481, 494 (2007) (executor's duty is to administer the assets of the estate so that beneficiaries receive their benefits). The will therefore entitles William Aten II, as executor, to receive Edward Alexander's restitution and distribute it in accordance with Edward Alexander's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) William Aten II's request for Edward Alexander's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to William Aten II to be disposed of in accordance with Edward Alexander's will.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge