UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is a claim from Scott Beyer for decedent Earl Beyer's remaining restitution from *USA v. Ellison, et. al*. For the reasons that follow, the Court will grant Scott Beyer's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Scott Beyer submitted a request to have the unclaimed restitution payments related to decedent Earl Beyer released to him. In support of his request, Scott Beyer submitted the following documents: (1) a victim affidavit; (2) a copy of the certificate of death for Earl Beyer; (3) a copy of the Beyer Family Irrevocable Trust; and, (4) a copy of the certificate of death for Curtis Beyer.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Scott Beyer has provided sufficient evidence to show he is entitled to receive Earl Beyer's remaining restitution. Earl Beyer's certificate of death shows that he passed away on November 27, 2012, as a resident of California. According to the Beyer Family Irrevocable Trust dated June 8, 2011, Earl Beyer and his spouse, Evelyn Beyer, have two children – Curtis Beyer and Scott Beyer. Curtis Beyer was appointed as the initial trustee of the trust, and held durable powers of attorney for Earl and Evelyn Beyer. The death certificate indicates that Curtis Beyer passed away on June 4, 2021. Upon Curtis Beyer's death, Scott Beyer became trustee, vested with the authority to manage and control all trust property.

Under California law, a trustee has the power to collect, hold, and distribute trust property. Cal. Prob. Code § 16220 (West). Accordingly, as successor trustee, Scott Beyer is entitled to receive Earl Beyer's restitution and distribute it in accordance with Earl Beyer's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Scott Beyer's request for Earl Beyer's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Scot Beyer, Trustee of the Beyer Family Irrevocable Trust dated June 8, 2011, to be disposed of in accordance with the Beyer Family Irrevocable Trust dated June 8, 2011, and Earl Beyer's estate plan.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge