UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>                Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Michael Brabo for decedent Kurt Bochner's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Michael Brabo's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Michael Brabo submitted a request to have the unclaimed restitution payments related to decedent Kurt Bochner released to him. In support of his request, Michael Brabo submitted the following documents: (1) a victim affidavit; (2) a Certification of Trust for the Kurt Bochner Administrative Trust; (3) a copy of the Amendment and Complete Restatement of the Bochner Revocable Trust; and, (4) a copy of Kurt Bochner's certificate of death.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Michael Brabo has provided sufficient evidence to show he is entitled to receive Kurt Bochner's remaining restitution. Kurt Bochner's certificate of death shows that he passed away on December 12, 2017. At that time, the Bochner Revocable Trust became irrevocable. The trust appointed his two children, Clifford Bochner and Stephen Bochner, and Michael Brabo, as Co-Trustees of the Bochner Revocable Trust, each with the power to receive any property from any person and to carry out the purpose of the trust. Under California law, a trustee is permitted to hold title to trust assets for the benefit of trust beneficiaries, and distribute assets at the close of trust administration. *Arluk Med. Ctr. Indus. Grp., Inc. v. Dobler*, 116 Cal. App. 4th 1324, 1337, 11 Cal. Rptr. 3d 194, 203 (2004).

The trust therefore entitles Michael Brabo, as Trustee of the Bochner Revocable Trust, to receive Kurt Bochner's restitution and distribute it in accordance with Kurt Bochner's estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Michael Brabo's request for Kurt Bochner's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**. The Clerk of the Court shall release the funds to Michael Brabo, as Trustee of the Kurt Bochner Administrative Trust created under the Bochner Revocable Trust dated November 29, 1984, to be disposed of in accordance with the terms of the Bochner Revocable Trust.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge