UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Cathy Monteiro for Lorena Channave's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny Cathy Monteiro's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Cathy Monteiro submitted a request to have the unclaimed restitution payments related to Lorena Channave released to her. In support of her request, Cathy Conteiro submitted the following documents: (1) a victim affidavit; and, (2) a copy of a durable power of attorney.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Cathy Monteiro has not provided sufficient evidence to show she is entitled to receive Lorena Channave's remaining restitution. The durable power of attorney clearly indicates that Lorena Channave, resident of New Hampshire, appointed Cathy Monteiro to serve as her agent and attorney-in-fact, and that Cathy Monteiro was given a general grant of power to collect and receive money due and payable to Lorena Channave. But, the document provided is incomplete. The Court has only page one of the document. Under New Hampshire law, a general power of attorney must be signed by the principal in the presence of a notary public, must include a disclosure statement, and must include an acknowledgement signed by the agent. N.H. Rev. Stat. Ann. §§ 564-E:105; 564-E:113. Absent the complete, notarized document signed by Lorena Channave with the attendant disclosure statement and acknowledgment, the Court cannot conclude that Cathy Monteiro has authority to act as agent. N.H. Rev. Stat. Ann. § 564-E:113 ("A person designated as agent under a general power of attorney shall have no authority to act as agent unless…the person has signed and affixed to the general power of attorney an acknowledgement in substantially the following form….").

Because factual uncertainties exist concerning Cathy Monteiro's authority to receive the remaining restitution for Lorena Channave, the Court is unable to legally determine whether Cathy Monteiro is entitled to receive the unclaimed restitution. As

such, the claim of Cathy Monteiro is denied without prejudice,[1] and the unclaimed restitution of Lorena Channave will be deposited with the Treasury.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Cathy Monteiro's request for Lorena Channave's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **DENIED WITHOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of Lorena Channave with the Treasury.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

---

[1] Cathy Monteiro is free to reassert her claim provided she produces evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 4**