UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>                    Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Kathleen O'Brien for decedent Ruth Cook's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Kathleen O'Brien's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Kathleen O'Brien submitted a request to have the unclaimed restitution payments related to decedent Ruth Cook released to her. In support of her request, Kathleen O'Brien submitted the following documents: (1) a victim affidavit; (2) a Second Amendment to the Ruth Sawyer Cook Living Trust Dated November 9, 2004; and, (3) a copy of Ruth Cook's certificate of death.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Kathleen O'Brien has provided sufficient evidence to show she is entitled to receive Ruth Cook's remaining restitution. The trust appointed Kathleen O'Brien, Ruth Cook's daughter, as co-trustee, with the full authority to act on behalf of the Trust Agreement without authorization from the other Co-Trustee, while Ruth Cook remained alive. Upon Ruth Cook's incapacity, the trust appointed Kathleen O'Brien to act as sole trustee of the Trust Agreement. Ruth Cook's certificate of death shows that she passed away on October 24, 2021, as a resident of Florida. Under Florida law, a trustee has the legal obligation to administer the trust in good faith, to compel others to deliver trust property to the trustee, and to distribute trust assets. Fla. Stat. §§ 736.0801, 736.0812, 736.0816.

The trust therefore entitles Kathleen O'Brien, as Trustee of the Ruth Sawyer Cook Living Trust, to receive Ruth Cook's restitution and distribute it in accordance with Ruth Cook's estate plan.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

Kathleen O'Brien's request for Ruth Cook's unclaimed restitution

payments from *USA v. Ellison, et. al.*, is **GRANTED**. The Clerk of the Court shall

release the funds to Ruth Cook, as Trustee of the Ruth Sawyer Cook Living Trust dated

November 9, 2004, to be disposed of in accordance with the terms of the Trust.