UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Shirley Stavinga for decedent George DeJong's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Shirley Stavinga's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Shirley Stavinga submitted a request to have the unclaimed restitution payments related to decedent George DeJong released to her. In support of his request, Shirley Stavinga submitted the following documents: (1) a victim affidavit; (2) a copy of George DeJong's certificate of death; and, (3) a copy of George DeJong's will.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Shirley Stavinga has provided sufficient evidence to show she is entitled to receive George DeJong's remaining restitution. George DeJong's certificate of death shows that he passed away on April 8, 2018, as a resident of Illinois, and that he executed a will on November 15, 1999. According to George DeJong's will, his spouse, Agnes DeJong predeceased him, and at the time the will was executed, he had three children – Shirley Stavinga, Judith VanVossen, and Bruce DeJong. The will indicates George DeJong appointed Shirley Stavinga as Executor of the Will.

Under Illinois law, an executor is tasked with administering the decedent's estate which naturally includes taking possession of the estate's property in anticipation for administration. *Will v. Nw. Univ.*, 378 Ill. App. 3d 280, 291, 881 N.E.2d 481, 494 (2007) (executor's duty is to administer the assets of the estate so that beneficiaries receive their benefits). The will therefore entitles Shirley Stavinga, as executor, to receive George DeJong's restitution and distribute it in accordance with George DeJong's estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Shirley Stavinga's request for George DeJong's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Shirley Stavinga to be disposed of in accordance with George DeJong's will.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge