UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>                    Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Pamela Stewart for decedent Reginald de la Cuesta's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Pamela Stewart's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Pamela Stewart submitted a request to have the unclaimed restitution payments related to decedent Reginald de la Cuesta released to her. In support of her request, Pamela Stewart submitted the following documents: (1) a victim affidavit; (2) a copy of the certificate of death for Reginald de la Cuesta; and, (3) a copy of the Certification of Trust Agreement of the De La Cuesta Survivor's Trust u/d/t February 28, 2012.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Pamela Stewart has provided sufficient evidence to show she is entitled to receive Reginald de la Cuesta's remaining restitution. Reginald de la Cuesta's certificate of death shows that he passed away on February 28, 2012, as a resident of California. According to the Certification of Trust Agreement, Reginald de la Cuesta and his spouse, Margaret de la Cuesta, established the Reginald de la Cuesta and Margaret de la Cuesta Revocable Inter-Vivos Trust. Upon the death of Reginald and Margaret, a new trust was established, named the de la Cuesta Survivor's Trust. The Trust further provides that Pamela Stewart is the Successor Trustee of any Trust created under the Reginald de la Cuesta and Margaret de la Cuesta Revocable Inter-Vivos Trust, vested with the authority to manage and control all trust property.

Under California law, a trustee has the power to collect, hold, and distribute trust property. Cal. Prob. Code § 16220 (West). Accordingly, as Trustee, Pamela Stewart is entitled to receive Reginald de la Cuesta's restitution and distribute it in accordance with Reginald de la Cuesta's estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Pamela Stewart's request for Reginald de la Cuesta's unclaimed restitution
   payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Pamela E. Stewart, Trustee of the
   de la Cuesta Survivor's Trust u/d/t/ February 28, 2012, to be disposed of in
   accordance with the de la Cuesta Survivor's Trust, and Reginald de la Cuesta's
   estate plan.

DATED: June 25, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**