UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00091-BLW |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| MARK A. ELLISON, | |
| Defendant. | |

## INTRODUCTION

Before the Court is a claim from Jo Ann Siner for decedent Mabel Dixon's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Jo Ann Siner's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Jo Ann Siner submitted a request to have the unclaimed restitution payments related to decedent Mabel Dixon released to her. In support of her request, Jo Ann Siner submitted the following documents: (1) a victim affidavit; (2) a copy of the certificate of death for Mabel Dixon; and, (3) a notarized copy of the Alfred L. Dixon and Mabel I. Dixon Revocable Living Trust Agreement dated September 20, 1991.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

# ANALYSIS

Jo Ann Siner has provided sufficient evidence to show she is entitled to receive Mabel Dixon's remaining restitution. Mabel Dixon's certificate of death shows that she passed away on December 31, 2016, as a resident of Oregon. According to the death certificate, Mabel Dixon's spouse, Alfred Dixon, predeceased her. The terms of the Alfred L. Dixon and Mabel I. Dixon Revocable Living Trust Agreement dated September 20, 1991, indicate that, upon the death of the surviving Trustor, in this case, Mabel Dixon, the net income and principal of the shares of the resulting trust estate is to be set aside for the benefit of the named beneficiaries. Jo Ann Siner is the only named beneficiary, and she is to receive 100% of the net income and principal of the shares of the resulting Trust Estate.

Under Oregon law, a beneficiary in the case of a trust includes an income beneficiary and a remainder beneficiary. Or. Rev. Stat. Ann. § 129.205(2) (West). Principal is defined as property held in trust for distribution to a remainder beneficiary when the trust terminates. Or. Rev. Stat. Ann. § 129.205(10). Accordingly, as the named beneficiary entitled to receive the net income and principal of the shares of the resulting Trust Estate upon the deaths of Alfred Dixon and Mabel Dixon, Jo Ann Siner is entitled to receive Mabel Dixon's restitution.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Jo Ann Siner's request for Mabel Dixon's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Jo Ann Siner, the named beneficiary of the Alfred L. Dixon and Mabel I. Dixon Revocable Living Trust Agreement dated September 20, 1991.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge