UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>                    Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Diane Koslow for Elva Hellings's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny Elva Hellings's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court.

As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Diane Koslow submitted a request to have the unclaimed restitution payments related to Elva Hellings released to her. In support of her request, Diane Koslow submitted the following documents: (1) a victim affidavit; (2) a certificate of death for Ronald Hellings; (3) a certificate of death for Elva Hellings; and, (3) a durable general power of attorney for Elva Hellings.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Diane Koslow has not provided sufficient evidence to show she is entitled to receive Elva Hellings's remaining restitution. The certificate of death for Elva Hellings shows that she passed away on June 10, 2012, as a resident of California. Prior to her death, Elva Hellings executed a durable power of attorney on April 6, 2012, appointing Ronald Hellings and Diane Koslow as her attorneys-in-fact. The certificate of death for Ronald Hellings shows that he passed away on January 1, 2022, leaving Diane Koslow as the sole attorney-in-fact. However, the Power of Attorney ceased upon the death of Elva Hellings. Without additional documents, such as a certificate of trust, a will, or probate court documents indicating Diane Koslow was appointed to administer Elva Hellings's estate, it is unclear what authority Diane Koslow has to receive the unclaimed restitution for Elva Hellings.

Because factual uncertainties exist concerning Diane Koslow's authority to receive the remaining restitution for Elva Hellings, the Court is unable to legally determine whether Diane Koslow is entitled to receive the unclaimed restitution. As such, the claim of Diane Koslow is denied without prejudice,[1] and the unclaimed restitution of Elva Hellings will be deposited with the Treasury.

---

[1] Diane Koslow is free to reassert her claim provided she produces evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Diane Koslow's request for David Dunlap's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **DENIED WITHOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of Elva Hellings with the Treasury.

DATED: June 25, 2024

B. Lynn Winmill
U.S. District Court Judge