UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Carolyn Lindsley for Judith Franich's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Carolyn Lindsley's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Carolyn Lindsley submitted a request to have the unclaimed restitution payments related to Judith Franich released to her. In support of her request, Carolyn Lindsley submitted the following documents: (1) a victim affidavit; (2) and, (2) a durable general power of attorney for Judith Franich.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Carolyn Lindsley has provided sufficient evidence to show she is entitled to receive Judith Franich's remaining restitution. From the documents submitted to the Court, Judith Franich is still living, and she resides in California.[1] On November 5, 2018, Judith Franich executed a durable power of attorney, appointing her sister, Carolyn Lindsley; her friend, Donna Gary; and her two daughters, Jamie Lynn Claussen and Marcie Lynn Franich, as her attorneys-in-fact to act in all matters relating to banking and other financial institution transactions. The durable power of attorney took effect immediately, because it does not contain a clause that limits the power from taking effect until the occurrence of a specified event or contingency. *See* Cal. Prob. Code § 4405 (West). Under the California Probate Code, Judith Franich's agents possess the authority to receive, endorse, and negotiate checks payable to her. Cal. Prob. Code § 4455 (i), (j). (West). Thus, under California law, Carolyn Lindsley, as attorney-in-fact is an appropriate claimant, empowered to act on Judith Franich's behalf.

Accordingly, as the attorney-in-fact for Judith Franich, Carolyn Lindsley is entitled to receive Judith Franich's restitution.

---

[1] No death certificate was provided. According to Judith Franich's Senior Citizen Identification Card, she is currently 77 years of age and resides in California.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Carolyn Lindsley's request for Judith Franich's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to Judith Franich, and mail the same to Carolyn Lindsley, attorney-in-fact for Judith Franich.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge