UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is a claim from Sandra Potre for decedent Angeline Genge's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Sandra Potre's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Sandra Potre submitted a request to have the unclaimed restitution payments related to decedent Angeline Genge released to her. In support of her request, Sandra Potre submitted the following documents: (1) a victim affidavit; and, (2) a copy of a court order admitting the will of Angeline Genge to probate.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Sandra Potre has provided sufficient evidence to show she is entitled to receive Angeline Genge's remaining restitution. The Court assumes Angeline Genge passed away on or about August 6, 2008, as a resident of Illinois. Angeline Genge's will, which was executed on March 14, 2007, was filed on August 6, 2008, with the Circuit Court of Cook County, Illinois. According to the Order Admitting Will to Probate and Appointing Representative, Angeline Genge appointed Peter Genge and Sandra Potre as independent executors of her estate.

Under Illinois law, an executor is tasked with administering the decedent's estate, which naturally includes taking possession of the estate's property in anticipation for administration. *Will v. Nw. Univ.*, 378 Ill. App. 3d 280, 291, 881 N.E.2d 481, 494 (2007) (executor's duty is to administer the assets of the estate so that beneficiaries receive their benefits). Although the Court does not have a copy of the will, it presumably entitles Sandra Potre, as executor, to receive Angeline Genge's restitution and distribute it in accordance with Angeline Genge's estate plan.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Sandra Potre's request for Angeline Genge's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Sandra Potre to be disposed of in accordance with Angeline Genge's will.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge