UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a claim from Jennifer Kappeler for decedent William

Haddon's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow,

the Court will grant Jennifer Kappeler's request.

**BACKGROUND**

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A.

Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was

entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56,

62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to

a term of imprisonment and supervised release, the Court ordered Ellison to pay

$32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of

February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Jennifer Kappeler submitted a request to have the unclaimed restitution payments related to decedent William Haddon released to her. In support of her request, Jennifer Kappeler submitted the following documents: (1) a victim affidavit; (2) a copy of the record of death for William Haddon; and, (3) a copy of the Acceptance of Appointment as Sole Trustee of the William V. Haddon Revocable Trust II.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Jennifer Kappeler has provided sufficient evidence to show she is entitled to receive William Haddon's remaining restitution. William Haddon's record of death shows that he passed away on February 1, 2012, as a resident of Massachusetts. According to the Acceptance of Appointment, William Haddon executed the Revocable Trust II on October 15, 2010, naming William Haddon as the initial Trustee. Upon his death on February 1, 2012, Noreen Haddon served as sole Trustee. Noreen Haddon died on January 6, 2021. Pursuant to Article Six of the Trust, Jennifer Kappeler became the sole Trustee upon Noreen Haddon's death. Jennifer Kappeler accepted the appointment on April 9, 2021, and the appointment was signed under seal on that date.

Under Massachusetts law, a trustee holds legal title to the trust property in trust for the beneficiaries. *Markham v. Fay*, 74 F.3d 1347, 1361 (1st Cir. 1996). Upon acceptance of a trusteeship, a trustee must administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries. Mass. Gen. Laws Ann. ch. 203E, § 801 (West). A trustee also has the authority to collect trust property, and deposit trust money in an account in a regulated financial service institution. Mass. Gen. Laws Ann. ch. 203E, § 816 (West). Accordingly, as Trustee, Jennifer Kappeler is entitled to receive William Haddon's restitution and distribute it in accordance with William Haddon's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Jennifer Kappeler's request for William Haddon's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Jennifer Kappeler, Trustee of the William V. Haddon Revocable Trust II dated October 15, 2010, to be disposed of in accordance with William Haddon's estate plan.

DATED: June 25, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER  - 4