UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Sandra Georgette Huber for decedent George Henneberg's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Sandra Huber's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Sandra Huber submitted a request to have the unclaimed restitution payments related to decedent George Henneberg released to her. In support of her request, Sandra Huber submitted the following documents: (1) a victim affidavit; (2) George Henneberg's last will and testament; and, (3) a copy of George Henneberg's certificate of death.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Sandra Huber has provided sufficient evidence to show she is entitled to receive George Henneberg's remaining restitution. George Henneberg's certificate of death shows that he passed away on December 2, 2008, as a resident of California. His last will and testament bequeathed his estate and property to the Trustee of the George Henneberg and Martha Henneberg Family Trust Dated May 18, 2005. George Henneberg's will appointed Sandra Huber to act as the personal representative of his estate. Under California law, this means Sandra Huber has the authority to administer George Henneberg's estate. *Est. of Wardani*, 82 Cal. App. 5th 870, 880, 298 Cal. Rptr. 3d 828, 836 (2022) ("In probate proceedings, the court appoints a personal representative to administer the decedent's estate.").

The will therefore entitles Sandra Huber, as personal representative, to receive George Henneberg's restitution and distribute it in accordance with George Henneberg's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Sandra Georgette Huber's request for George Henneberg's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**. The Clerk of the Court shall release the funds to Sandra Georgette Huber to be disposed of in accordance with George Henneberg's will.

DATED: June 25, 2024

_____
B. Lynn Winmill
U.S. District Court Judge