UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>             Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Kara M. Hawkins for decedent Carl Lohrengel's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Kara Hawkins's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Kara Hawkins submitted a request to have the unclaimed restitution payments related to decedent Carl Lohrengel released to her. In support of her request, Kara Hawkins submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Carl Lohrengel; and, (2) a certified copy of letters testamentary filed in the probate court for the county of county of Kane, state of Utah.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Kara Hawkins has provided sufficient evidence to show she is entitled to receive Carl Lohrengel's remaining restitution. The death certificate for Carl Lohrengel indicates he passed away on December 17, 2015, as a resident of Utah, and that he was survived by his spouse, Linda Lohrengel. According to the Letters Testamentary filed on March 15, 2021, in the probate court in the county of Kane, state of Utah, Linda Lohrengel passed away on January 17, 2021, and Kara Hawkins was appointed as the personal representative of Linda's estate. It also appears from the documents received by the Court that Kara Hawkins was appointed as the Successor Trustee of the Carl Frederick Lohrengel II and Linda Susan Lohrengel Revocable Trust, dated November 13, 2007, and that the Trust was one of the devisees of Linda Lohrengel's estate, together with her surviving adult children.

Upon the death of both Carl and Linda, the designation of Kara Hawkins to serve as Successor Trustee of the Trust entitles Kara Hawkins to possession of the estate's property in anticipation for administration. Utah Code Ann. § 75-7-807 (West). Further, to the extent any of Carl's property passed to Linda upon his death, Linda's Will appointing Kara Hawkins as the personal representative of Linda's estate entitles Kara to take possession of any of Linda's estate property. Utah Code Ann. § 75-3-708 (West). Accordingly, Kara Hawkins, as successor trustee to the Trust and as personal representative to Linda's estate, is entitled to receive Carl Lohrengel's restitution and distribute it in accordance with his estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Kara Hawkins's request for Carl Lohrengel's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Kara Hawkins to be disposed of in accordance with Carl Lohrengel's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge