UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARK A. ELLISON,

Defendant.

Case No. 1:13-cr-00091-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is a claim from Steven Lowhurst for Harvey Lowhurst's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Steven Lowhurst's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Steven Lowhurst submitted a request to have the unclaimed restitution payments related to Harvey Lowhurst released to him. In support of his request, Steven submitted the following documents: (1) a victim affidavit; (2) a certified copy of Harvey Lowhurst's death certificate; and, (3) a notarized copy of the Harvey G. Lowhurst 1988 Trust dated December 20, 1988, and amendments thereto.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Steven Lowhurst has provided sufficient evidence to show he is entitled to receive Harvey Lowhurst's remaining restitution. From the documents submitted to the Court, Harvey Lowhurst passed away on August 28, 2016, as a resident of California. Harvey Lowhurst was divorced at the time of his death. Prior to his death, on September 6, 2013, Harvey Lowhurst transferred all of his right, title and interest in and to "DBSI Secured Note" to the Trust. Fourth Am. and Restatement to the Revocable Trust of Harvey G. Lowhurst. Steven Lowhurst, together with his brother, Daven G. Lowhurst, were appointed as Co-Trustees of the Trust. Lowhurst Certificate of Trust. As trustee, Steven Lowhurst possesses the authority to take, control, and preserve trust property. Cal. Prob. Code § 16006 (West). Therefore, under California law, Steven Lowhurst is entitled to receive Harvey Lowhurst's remaining restitution.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Steven Lowhurst's request for Harvey Lowhurst's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to Steven Lowhurst, Trustee of the Harvey G. Lowhurst 1988 Trust dated December 20, 1988, as amended and restated September 6, 2013, which may be disposed of in accordance with Harvey Lowhurst's estate plan.

DATED: October 22, 2024

B. Lynn Winmill
U.S. District Court Judge