UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is a claim from Janice Peaton for decedent Loleta Magers's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Janice Peaton's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Janice Peaton submitted a request to have the unclaimed restitution payments related to decedent Loleta Magers released to her. In support of her request, Janice Peaton submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Loleta Magers; (2) a copy of the Second Amendment to Trust Agreement for the Loleta M. Magers Trust dated March 26, 2013; and, (3) a copy of certain provisions from the Last Will and Testament of Loleta M. Magers.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Janice Peaton has provided sufficient evidence to show she is entitled to receive Loleta Magers's remaining restitution. The death certificate the Court received indicates Loleta Magers passed away on September 22, 2014, as a resident of Florida, and that her spouse predeceased her. According to Article Nine of the Last Will and Testament of Loleta M. Magers, Janice Peaton was nominated as the personal representative of Loleta's Last Will and Testament. Pursuant to the Will, Loleta Magers gave Janice Peaton, as personal representative, full power and authority to serve, and to do any and all things permitted by Chapter 733 of the Florida Statutes.

Under Florida law, a personal representative is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. *See Harrell v. Snyder*, 913 So. 2d 749, 753 (Fla. Dist. Ct. App. 2005) (personal representative authorized to take possession of real property for protection of the heirs); Fla. Stat. Ann. § 733.607 (West) ("Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property…."). Accordingly, Janice Peaton, as Personal Representative, is entitled to receive Loleta Magers's restitution and distribute it in accordance with Loleta Magers's estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Janice Peaton's request for Loleta Magers's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Janice Peaton to be disposed of in accordance with Loleta Magers' estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge