UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>             Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Robert Mank for decedent Elizabeth Mank's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Robert Mank's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Robert Mank submitted a request to have the unclaimed restitution payments related to decedent Elizabeth Mank released to him. In support of his request, Robert Mank submitted the following documents: (1) a victim affidavit; (2) a copy of the Certificate of Appointment of Executor; and, (3) a certified copy of the Certificate of Death for Elizabeth Mank.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Robert Mank has provided sufficient evidence to show he is entitled to receive Elizabeth Mank's remaining restitution. According to the death certificate, Elizabeth Mank passed away on December 7, 2014, as a resident of New York. Letters Testamentary were issued by the Surrogate's Court in and for the County of New York on January 29, 2016. Robert Mank was appointed as the fiduciary of Elizabeth's estate.

Under New York law, an executor is tasked with administering the decedent's estate, which naturally includes taking possession of the estate's property in anticipation for administration. *Cooper v. Jones*, 78 A.D.2d 423, 428, 435 N.Y.S.2d 830, 834 (1981) (executor's duty is to administer the assets of the estate so that beneficiaries receive their benefits). Accordingly, as executor, Robert Mank is entitled to receive Elizabeth Mank's restitution and distribute it in accordance with Elizabeth's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Robert Mank's request for Elizabeth Mank's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Robert Mank to be disposed of in accordance with Elizabeth Mank's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge