UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Michael Mansfield for Gloria Mansfield's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Michael Mansfield's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Michael Mansfield submitted a request to have the unclaimed restitution payments related to Gloria Mansfield released to him. In support of his request, Michael submitted the following documents: (1) a victim affidavit; (2) a certified copy of Gloria Mansfield's death certificate; and, (3) a copy of the Last Will and Testament of Gloria Mansfield.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Michael Mansfield has provided sufficient evidence to show he is entitled to receive Gloria Mansfield's remaining restitution. Gloria Mansfield passed away on May 30, 2024, as a resident of California. Gloria Mansfield was divorced at the time of her death. According to Gloria's Will, she appointed her son, Michael Mansfield, as an executor of her Will and estate, with all of the powers conferred by the California Probate Code. A person named as an executor in a decedent's will has the right to appointment as a personal representative. Cal. Prob. Code § 8420 (West). A personal representative has the authority to take possession and distribute the property of the decedent's estate. Cal. Prob. Code § 11641 (West).

Therefore, under California law, Michael Mansfield is entitled to receive Gloria Mansfield's remaining restitution, and distribute it according to Gloria's estate plan.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Michael Mansfield's request for Gloria Mansfield's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to Michael Mansfield, to be disposed of in accordance with Gloria Mansfield's estate plan.

DATED: October 22, 2024

B. Lynn Winmill
U.S. District Court Judge