UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a claim from Robert Nelson for decedent Clark Nelson's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Robert Nelson's request.

**BACKGROUND**

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Robert Nelson submitted a request to have the unclaimed restitution payments related to decedent Clark Nelson released to him. In support of his request, Robert Nelson submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificates for Clark Nelson and Donna Nelson; (3) a copy of the Clark L. Nelson Trust, dated January 17, 1980, Amended and Restated November 30, 1999; (4) a copy of the Substitution of Trustees for the Clark L. Nelson Trust Amended and Restated, August 7, 2012; and, (5) a copy of the Substitution of Trustees for the Donna C. Nelson Trust dated January 17, 1980 Amended and Restated November 30, 1999.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d

**MEMORANDUM DECISION AND ORDER - 2**

142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Robert Nelson has provided sufficient evidence to show he is entitled to receive Clark Nelson's remaining restitution. The death certificate for Clark Nelson indicates he passed away on November 9, 2014, as a resident of Utah, and that he was survived by his spouse, Donna Nelson. Donna passed away on April 7, 2017. Pursuant to the Clark L. Nelson Trust Dated January 17, 1980, as Amended and Restated November 30, 1999, Robert Nelson was appointed as Successor Trustee. Robert Nelson accepted the responsibilities of Trustee for the Trust on August 7, 2012. In addition, Robert Nelson accepted the responsibilities of Trustee for the Donna C. Nelson Trust dated January 17, 1980, Amended and Restated November 30, 1999, on August 7, 2012. As trustee, Robert Nelson is entitled to possession and control of trust property subject to the limitations imposed by law and the trust instrument. *Davis v. Young*, 2008 Utah Ct. App 246, 190 P.3d 23, 27 (Utah 2008).

Accordingly, Robert Nelson, as successor trustee to the Trust, is entitled to receive Clark Nelson's restitution and distribute it in accordance with his estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Robert Nelson's request for Clark Nelson's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Robert Nelson, Successor Trustee to the Clark L. Nelson Trust dated January 17, 1980, Amended and Restated November 30, 1999, to be disposed of in accordance with Clark Nelson's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge