UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Cynthia Offenbacher for decedent Eugene Shima's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Cynthia Offenbacher's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Cynthia Offenbacher submitted a request to have the unclaimed restitution payments related to decedent Eugene Shima released to her. In support of her request, Cynthia Offenbacher submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Eugene Shima; (3) Letters Testamentary for the Estate of Eugene Shima; and, (4) a copy of the Eugene G. Shima Trust Agreement.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Cynthia Offenbacher has provided sufficient evidence to show she is entitled to receive Eugene Shima's remaining restitution. The death certificate the Court received indicates Eugene Shima passed away on February 29, 2020, as a resident of Montana, and that he was survived by his spouse, Shirley Shima. His death certificate and other documents indicate that, at the time of his death, he was married but separated from his spouse. On May 18, 2020, Cynthia Offenbacher was appointed as the Personal representative of the Estate of Eugene G. Shima, and the Will of the decedent was admitted to probate. The Trust granted to the Trustee all powers, duties, and obligations in the Trust Code of Montana.

Under Montana law, a personal representative is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. *See In re Est. of Harris*, 379 Mont. 474, 478, 352 P.3d 20, 24 (Mont. 2015) (personal representative authorized to take possession of estate assets); Mont. Code Ann. § 72-3-606 (West) ("Except as otherwise provided by a decedent's will, a personal representative has a right to and shall take possession or control of the decedent's property…."). Accordingly, Cynthia Offenbacher, as Personal Representative, is entitled to receive Eugene Shima's restitution and distribute it in accordance with Eugene Shima's estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Cynthia Offenbacher's request for Eugene Shima's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Cynthia Offenbacher to be disposed of in accordance with Eugene Shima's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge