UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>                         Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Diane Miller for Ray Skoff's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Diane Miller's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Diane Miller submitted a request to have the unclaimed restitution payments related to Ray Skoff released to her. In support of her request, Diane Miller submitted the following documents: (1) a victim affidavit; (2) a certified copy of Ray Skoff's death certificate; and, (3) the Certification of Trust of the Ray Skoff Trust Dated October 6, 2006.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Diane Miller has provided sufficient evidence to show she is entitled to receive Ray Skoff's remaining restitution. According to the Certificate of Death, Ray Skoff passed away on September 30, 2011, as a resident of California. He was survived by his spouse, Barbara Wolter. Diane Miller was appointed as Trustee of the Ray Skoff Trust dated October 6, 2006. As trustee, Diane Miller possesses the authority to take, control, and preserve trust property. Cal. Prob. Code § 16006 (West). Therefore, under California law, Diane Miller is entitled to receive Ray Skoff's remaining restitution.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Diane Miller's request for Ray Skoff's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to Diane Marie Miller, Trustee of the Ray Skoff Trust Dated October 6, 2006, to be disposed of in accordance with Ray Skoff's estate plan.

DATED: October 22, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**