UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Daisy Smith for decedent Elaine Smith's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Daisy Smith's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Daisy Smith submitted a request to have the unclaimed restitution payments related to decedent Elaine Smith released to her. In support of her request, Daisy Smith submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Elaine Smith; and, (3) Letters of Administration issued by the Superior Court of the District of Columbia, probate division.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Daisy Smith has provided sufficient evidence to show she is entitled to receive Elaine Smith's remaining restitution. The death certificate the Court received indicates Elaine Smith passed away on June 12, 2014, as a resident of Maryland, and that her spouse predeceased her. On July 18, 2014, Daisy Smith was appointed as the Personal Representative of the Estate of Elaine Smith, and the Will of the decedent was admitted to probate.

Under Maryland law, a personal representative is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. Md. Code Ann., Est. & Trusts § 7-102 (West) ("A personal representative has a right to and shall take possession or control of the estate of the decedent….").

Accordingly, Daisy Smith, as Personal Representative, is entitled to receive Elaine Smith's restitution and distribute it in accordance with Elaine Smith's estate plan.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Daisy Smith's request for Elaine Smith's unclaimed restitution payments from

   *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Daisy Smith to be disposed of in

   accordance with Elaine Smith's estate plan.

DATED: October 22, 2024

_____

B. Lynn Winmill
U.S. District Court Judge