UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>           Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Sally Scheibly for decedent Violet Stattner's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Sally Scheibly's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Sally Scheibly submitted a request to have the unclaimed restitution payments related to decedent Violet Stattner released to her. In support of her request, Sally Scheibly submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Violet Stattner; and, (3) a copy of the Last Will and Testament of Violet Stattner.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Sally Scheibly has provided sufficient evidence to show she is entitled to receive Violet Stattner's remaining restitution. The death certificate the Court received indicates Violet Stattner passed away on February 21, 2019, as a resident of Arizona, and that her spouse predeceased her. The First Codicil to the Last Will and Testament of Violet Stattner appoints Sally Scheibly as Violet Stattner's Personal Representative.

Under Arizona law, a personal representative is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. Ariz. Rev. Stat. Ann. § 14-3709 ("Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property…."). Pursuant to Section 4.01 of Violet Stattner's Last Will and Testament, the Personal Representative is specifically authorized to hold and manage any real or personal property.

Accordingly, Sally Scheibly, as Personal Representative, is entitled to receive Violet Stattner's restitution and distribute it in accordance with Violet Stattner's estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Sally Scheibly's request for Violet Stattner's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Sally Scheibly to be disposed of in accordance with Violet Stattner's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge