UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>            Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is a claim from James Stephenson III for decedent James Stephenson's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant James Stephenson III's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant James Stephenson III submitted a request to have the unclaimed restitution payments related to decedent James Stephenson released to him. In support of his request, James Stephenson III submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for James Stephenson; and, (3) a copy of the Certification of Trust for the Stephenson Family Trust dated November 26, 2019.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

James Stephenson III has provided sufficient evidence to show he is entitled to receive James Stephenson's remaining restitution. The death certificate for James Stephenson indicates he passed away on April 9, 2020, as a resident of Illinois, and that his spouse predeceased him. Pursuant to the Stephenson Family Trust dated November 26, 2019, James Stephenson III was appointed as Trustee. As trustee, James Stephenson III is entitled to possession and control of trust property subject to the limitations imposed by law and the trust instrument. 760 Ill. Comp. Stat. Ann. 3/815 (2020). The Trust grants the Trustee the power to acquire all real or personal property interests of all kinds.

Accordingly, James Stephenson III, as Trustee of the Trust, is entitled to receive James Stephenson's restitution and distribute it in accordance with his estate plan.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) James Stephenson III's request for James Stephenson's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to James Stephenson III, Trustee of the Stephenson Family Trust dated November 26, 2019, to be disposed of in accordance with James Stephenson's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge