UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Scott Sutton for decedent Laura Sutton's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Scott Sutton's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Scott Sutton submitted a request to have the unclaimed restitution payments related to decedent Laura Sutton released to him. In support of his request, Scott Sutton submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Laura Sutton; (3) a copy of the Last Will and Testament of Laura Sutton; and, (4) a certified copy of the Letters Testamentary issued by the State of Texas Probate Court No. 3.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Scott Sutton has provided sufficient evidence to show he is entitled to receive Laura Sutton's remaining restitution. The death certificate the Court received indicates Laura Sutton passed away on August 2, 2017, as a resident of Texas, and that her spouse predeceased her. The Will names Scott Sutton as Trustee of any trusts created by the Will, and also names Scott Sutton as Independent Executor of the Will. On December 6, 2017, Scott Sutton was appointed as the Independent Executor of the Will and Estate of Laura Sutton.

Under Texas law, upon the issuance of letters testamentary, the Executor of the estate has the right to possession of the estate, the power to recover possession of the estate, and the power to hold the estate in trust to be disposed of in accordance with the law. Tex. Est. Code Ann. § 101.003. Accordingly, Scott Sutton, as Executor, is entitled to receive Laura Sutton's restitution and distribute it in accordance with Laura Sutton's estate plan.

**MEMORANDUM DECISION AND ORDER - 3**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Scott Sutton's request for Laura Sutton's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Scott Sutton to be disposed of in accordance with Laura Sutton's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4