UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Lawrence Tong for Leonard Tong's remaining restitution from *USA v. Ellison, et. al*. For the reasons that follow, the Court will grant Lawrence Tong's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Lawrence Tong submitted a request to have the unclaimed restitution payments related to Leonard Tong released to him. In support of his request, Lawrence Tong submitted the following documents: (1) a victim affidavit; (2) a certified copy of Leonard Tong's death certificate; and, (3) a copy of the Last Will and Testament of Leonard Tong.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Lawrence Tong has provided sufficient evidence to show he is entitled to receive Leonard Tong's remaining restitution. Leonard Tong passed away on June 22, 2018, as a resident of California. Leonard Tong's spouse predeceased him. According to Leonard Tong's Last Will and Testament, Lawrence Tong was appointed as the Executor of Leonard Tong's estate, and the Will granted Lawrence with all of the powers conferred by law. A person named as an executor in a decedent's will has the right to appointment as a personal representative. Cal. Prob. Code § 8420. A personal representative has the authority to take possession and distribute the property of the decedent's estate. Cal. Prob. Code § 11641.

Therefore, under California law, Lawrence Tong is entitled to receive Leonard Tong's remaining restitution, and distribute it according to Leonard Tong's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Lawrence Tong's request for Leonard Tong's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to Lawrence Tong, to be disposed of in accordance with Leonard Tong's estate plan.

DATED: October 22, 2024

_____
B. Lynn Winmill
U.S. District Court Judge