UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a claim from Mary Ulsaker for decedent Norman Ulsaker's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Mary Ulsaker's request.

**BACKGROUND**

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Mary Ulsaker submitted a request to have the unclaimed restitution payments related to decedent Norman Ulsaker released to her. In support of her request, Mary Ulsaker submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Norman Ulsaker; (3) a certification from the State of Maryland that Letters of Administration were granted in the Estate of Norman Ulsaker; and, (4) a certified copy of the Last Will and Testament of Norman Ulsaker.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Mary Ulsaker has provided sufficient evidence to show she is entitled to receive Norman Ulsaker's remaining restitution. The death certificate the Court received indicates Norman Ulsaker passed away on June 8, 2011, as a resident of Maryland, and that his spouse predeceased him. On September 7, 2011, Mary Ulsaker (aka Mary Beth Walker) was appointed as the Personal Representative of the Estate of Norman Ulsaker, and the Will of the decedent was admitted to probate.

Under Maryland law, a personal representative is tasked with administering the decedent's estate, which includes taking possession of the estate's property in anticipation for administration. Md. Code Ann., Est. & Trusts § 7-102 (West) ("A personal representative has a right to and shall take possession or control of the estate of the decedent….").

Accordingly, Mary Ulsaker, as Personal Representative, is entitled to receive Norman Ulsaker's restitution and distribute it in accordance with Norman Ulsaker's estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Mary Ulsaker's request for Norman Ulsaker's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Mary Ulsaker to be disposed of in accordance with Norman Ulsaker's estate plan.

DATED: October 22, 2024

B. Lynn Winmill
U.S. District Court Judge