UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00091-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MARK A. ELLISON, | |
| Defendant. | |

### INTRODUCTION

Before the Court is a claim from David Webb for Erman Webb's remaining

restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant

David Webb's request.

### BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A.

Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was

entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56,

62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to

a term of imprisonment and supervised release, the Court ordered Ellison to pay

$32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of

February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant David Webb submitted a request to have the unclaimed restitution payments related to Erman Webb released to him. In support of his request, David Webb submitted the following documents: (1) a victim affidavit; (2) a certified copy of Erman Webb's death certificate; (3) a copy of the Last Will and Testament of Erman Webb; and, (4) the Fourth Amended and Restated Declaration of Trust for the Webb Revocable Trust, dated November 23, 2009.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

David Webb has provided sufficient evidence to show he is entitled to receive Erman Webb's remaining restitution. According to the Certificate of Death, Erman Webb passed away on May 29, 2016, as a resident of California. Erman Webb's spouse predeceased him. David Webb was appointed as a Co-Trustee of the Webb Revocable Trust dated March 30, 1993. David Webb was also designated as the Executor of Erman Webb's estate. In the event that Erman Webb's spouse predeceased him, Erman's Will distributed the residue of his estate to the Webb Revocable Trust. As trustee, David Webb possesses the authority to take, control, and preserve trust property. Cal. Prob. Code § 16006 (West). Therefore, under California law, David Webb is entitled to receive Erman Webb's remaining restitution.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) David Webb's request for Erman Webb's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to David Webb, Trustee of the Webb Revocable Trust, which may be disposed of in accordance with Erman Webb's estate plan.

DATED: October 22, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER  - 4