UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Carol Ann Branch on behalf of Beverly Dunlap for David Dunlap's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Carol Ann Branch's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER** - 1

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Beverly Dunlap submitted a request to have the unclaimed restitution payments related to David Dunlap released to her. In support of her request, Beverly Dunlap submitted the following documents: (1) a victim affidavit; (2) a certificate of death for David Dunlap; (3) a durable general power of attorney; and, (4) a copy of the Notice of Appointment of Successor Co-Trustees of the Dunlap Family Trust.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

## ANALYSIS

Beverly Dunlap has provided sufficient evidence to show she is entitled to receive David Dunlap's remaining restitution. The certificate of death for David Dunlap shows

**MEMORANDUM DECISION AND ORDER - 2**

that he passed away on June 22, 2007, as a resident of California. At the time of his death, he was married to Beverly Dunlap. Beverly Dunlap appears to still be living.[1]

The Notice of Appointment of Successor Co-Trustees of the Dunlap Family Trust indicates that, upon the death of David Dunlap, Beverly Dunlap became the sole Trustee of the Dunlap Family Trust. Beverly then exercised her power as Trustee, and appointed Carol Ann Branch as the Trustee of the Dunlap Family Trust. Beverly then resigned as the Trustee of the Dunlap Family Trust. As trustee of the Dunlap Family Trust, Carol Ann Branch possesses the authority to take, control, and preserve trust property. Cal. Prob. Code § 16006 (West). Further, Beverly Dunlap appointed Carol Ann Branch as her attorney in fact. According to the Power of Attorney, Carol Ann Branch was granted the authority to act on behalf of Beverly Dunlap with respect to all estate and other beneficiary transactions.

Under California law, Carol Ann Branch, as Attorney In Fact for Beverly Dunlap and as Successor Trustee of the Dunlap Family Trust, is entitled to receive David Dunlap's remaining restitution.

---

[1] According to her date of birth printed on her identification, Beverly is approximately two months shy of her 92nd birthday.

**MEMORANDUM DECISION AND ORDER  - 3**

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Beverly Dunlap's request for David Dunlap's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall make the check payable to Carol Ann Branch, Trustee of the Dunlap Family Trust dated April 27, 2007, to be disposed of in accordance with David Dunlap's estate plan.

DATED: November 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge