UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>　　　　　　Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a claim from Altina Stott for William Egbert's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny Altina Stott's request.

# BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Altina Stott submitted a request to have the unclaimed restitution payments related to William Egbert released to her. In support of her request, Altina Stott submitted the following documents: (1) a victim affidavit; and, (2) a copy of the William R. Egbert Revocable Trust Agreement.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Altina Stott has not provided sufficient evidence to show she is entitled to receive William Egbert's remaining restitution. According to the trust agreement, William Egbert appointed his spouse, Verna Egbert, as successor co-Trustee together with Altina Stott. If either failed to qualify or ceased to act as trustee, then Gregory Egbert and Cary Lynn Egbert Wood shall act as co-Trustees.

While it is clear that Altina Stott would have the authority, as successor co-Trustee, to act on behalf of the trust and take possession of estate property, the Court was not provided with confirmation that she was appointed to do so. First, the Court was not provided with a certificate of death confirming that William Egbert passed away, which would trigger the appointment of the co-Trustees, and require the administration of the trust. Cal. Prob. Code §§ 17209, 15660. Nor was the Court provided with a death certificate establishing that co-Trustee Verna Egbert passed away. Cal. Prob. Code § 15620 ("Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action."). Without both death certificates, the Court cannot confirm that Altina Stott possesses the authority to act as sole Trustee of the William R. Egbert Revocable Trust. Finally, the Court was not provided with documents indicating that Altina Stott was qualified to and accepted the appointment to act as Trustee of the William R. Egbert Revocable Trust. Accordingly, it is unclear what authority Altina Stott has to receive the unclaimed restitution for William Egbert.

Because factual uncertainties exist concerning Altina Stott's authority to receive the remaining restitution for William Egbert, the Court is unable to legally determine whether Altina Stott is entitled to receive the unclaimed restitution. As such, the claim of Altina Stott is denied without prejudice,[1] and the unclaimed restitution of William Egbert will be deposited with the Treasury.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Altina Stott's request for William Egbert's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **DENIED WITHOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of William Egbert with the Treasury.

DATED: November 1, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[1] Altina Stott is free to reassert her claim provided she produces evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 4**