UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a claim from Robert Wayne Gardner, Jr. for Geniel Gardner's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will deny Robert Gardner Jr.'s request.

# BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Robert Gardner Jr. submitted a request to have the unclaimed restitution payments related to Geniel Gardner released to him. In support of his request, Robert Gardner Jr. submitted the following documents: (1) a victim affidavit; and, (2) a certificate of death for Geniel Gardner.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER  - 2**

## ANALYSIS

Robert Gardner Jr. has not provided sufficient evidence to show he is entitled to receive Geniel Gardner's remaining restitution. The certificate of death for Geniel Gardner shows that she passed away as a resident of Utah on February 5, 2019, and that her spouse, Robert Wayne Gardner Sr., predeceased her. Robert Gardner Jr. indicated in the victim affidavit that he is claiming the funds as "successor trustee." However, he failed to provide a copy of the trust documents, such as a Certification of Trust, that certifies both the existence of a trust established by Geniel Gardner, or Robert Gardner Jr.'s authority to act on behalf of the trust. Accordingly, it is unclear what authority Robert Gardner Jr. has to receive the unclaimed restitution for Geniel Gardner.

Because factual uncertainties exist concerning Robert Gardner Jr.'s authority to receive the remaining restitution for Geniel Gardner, the Court is unable to legally determine whether Robert Gardner Jr. is entitled to receive the unclaimed restitution. As such, the claim of Robert Gardner Jr. is denied without prejudice,[1] and the unclaimed restitution of Geniel Gardner will be deposited with the Treasury.

---

[1] Robert Gardner Jr. is free to reassert his claim provided he produces evidence consistent with this order.

**MEMORANDUM DECISION AND ORDER - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Robert Gardner Jr.'s request for Geniel Gardner's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **DENIED WITHOUT PREJUDICE**.

2) The Clerk of the Court shall deposit the unclaimed funds of Genial Gardner with the Treasury.

DATED: November 1, 2024

B. Lynn Winmill
U.S. District Court Judge