UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. ELLISON,<br><br>Defendant. | Case No. 1:13-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a claim from Deborah Mitchell for decedent Howard Koppel's remaining restitution from *USA v. Ellison, et. al.* For the reasons that follow, the Court will grant Deborah Mitchell's request.

## BACKGROUND

On April 14, 2014, the Jury returned a guilty verdict against Defendant Mark A. Ellison on 44 counts of securities fraud. (Dkt. 502, 816.) A judgment of conviction was entered on August 25, 2014, finding Ellison guilty on counts 4 – 13, 36- 45, 49-52, 56, 62, 67, 72 – 80, and 82 – 89 of the Superseding Indictment. (Dkt. 21, 724.) In addition to a term of imprisonment and supervised release, the Court ordered Ellison to pay $32,158,501.00 in restitution. Nov. 17, 2024, Restitution Order. (Dkt. 816.) As of February 15, 2024, Ellison still owed $28,197,133.65 in restitution. (Dkt. 1054.)

**MEMORANDUM DECISION AND ORDER  - 1**

The Court is tasked with distributing restitution payments deposited with the Court to the victims. Unfortunately, since the 2014 judgment, many of the victims entitled to restitution passed away and left unclaimed funds in possession of the Court. As a result, the Clerk of the Court sent notice to individuals with a potential interest in the unclaimed funds. In response, claimant Deborah Mitchell submitted a request to have the unclaimed restitution payments related to decedent Howard Koppel released to her. In support of her request, Deborah Mitchell submitted the following documents: (1) a victim affidavit; (2) a certified copy of the death certificate for Howard Koppel; (3) a certified copy of the death certificate for Paula Koppel; and, (4) a copy of the Will of Howard Koppel.

## LEGAL STANDARD

Although money paid to federal courts generally must be deposited with the Treasury, courts are also allowed to deliver funds to their rightful owners. *See* 28 U.S.C. § 2041. Indeed, "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042. However, this means the claimant "bears the burden of affirmatively establishing his entitlement to the funds[.]" *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020); *see also Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965) ("the burden is upon the claimant to show his right to the fund.").

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Deborah Mitchell has provided sufficient evidence to show she is entitled to receive Howard Koppel's remaining restitution. The death certificate for Howard Koppel indicates he passed away on December 4, 2017, as a resident of Idaho, and that he was survived by his spouse, Paula Koppel. Paula Koppel thereafter passed away. Howard Koppel's Will indicates that Paula Koppel was appointed as the Personal Representative of Howard's estate, and that upon Paula's death, Deborah Mitchell was appointed as successor Personal Representative. Further, the Will indicates that Howard Koppel's property was to be distributed to Deborah upon Howard's death.

Upon the death of both Howard and Paula, the designation of Deborah Mitchell to serve as successor Personal Representative, and also as the beneficiary of Howard's Will, entitles Deborah Mitchell to possession of the estate's property. Idaho Code § 15-3-709 ("every personal representative has a right to, and shall take possession or control of, the decedent's property…."); Idaho Code § 15-3-716 ("A successor personal representative has the same power and duty as the original personal representative to complete the administration and distribution of the estate…."); Idaho Code § 15-3-101 (decedent's property "devolves to the persons to whom it is devised by his last will….").

Accordingly, Deborah Mitchell, as successor Personal Representative and as the beneficiary of the Will of Howard Koppel, is entitled to receive Howard Koppel's restitution and distribute it in accordance with his estate plan.

**MEMORANDUM DECISION AND ORDER  - 3**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Deborah Mitchell's request for Howard Koppel's unclaimed restitution payments from *USA v. Ellison, et. al.*, is **GRANTED**.

2) The Clerk of the Court shall release the funds to Deborah Mitchell to be disposed of in accordance with Howard Koppel's estate plan.

DATED: November 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge